# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist STEVEN M. FALCONE**
**United States Army, Appellant**

ARMY 20110297

Headquarters, Fort Riley
James L. Varley, Military Judge
Lieutenant Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Sasha N. Rutizer, JA (on brief).

26 February 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of simple arson involving property of a value of more than $500.00 and one specification of burning with the intent to defraud, in violation of Articles 126 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 926, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

The case is before us for review under Article 66, UCMJ. Appellant raises a single assignment of error which merits a brief discussion and relief.[*]

---

[*] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally raises two assignments of error, neither of which merits discussion nor relief.

**LAW AND DISCUSSION**

In light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to disapprove the findings of guilty as to the Article 134, UCMJ, offense of burning with the intent to defraud. The specification does not contain allegations of the terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for burning with intent to defraud and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

In determining what effect setting aside and dismissing this charge has on appellant's sentence, we are confident that "absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). In this case, the maximum punishment in regards to confinement has been reduced from fifteen years to five years. However, evidence of appellant's burning with intent to defraud would still have been correctly placed before the military judge as a matter in aggravation under Rule for Courts-Martial 1001(b)(4). This act was directly related to the arson offense of which appellant was found guilty. Furthermore, this court is experienced and familiar with cases involving the offense of which appellant has been convicted. We are therefore confident, in light of the seriousness of the remaining charge, a sentence of at least a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1 would have been adjudged.

**CONCLUSION**

On consideration of the entire record, the assigned error, and the allegations raised by appellant pursuant to *Grostefon*, 12 M.J. 431, the findings of guilty of the Specification of Charge II and Charge II are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. 305 and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1 is AFFIRMED. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FALCONE—ARMY 20110297



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court